**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TINA K. VAN SICKLE, | No. 09-15509 |
| Plaintiff - Appellant, | DC No. CV 08-0052 HRH |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, Senior District Judge, Presiding

Argued and Submitted April 16, 2010
San Francisco, California

Before: TASHIMA and THOMAS, Circuit Judges, and STAFFORD, Senior
District Judge.[**]

Tina Van Sickle appeals the district court's grant of summary judgment in

favor of the Commissioner of Social Security ("Commissioner") in Van Sickle's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable William Stafford, Senior United States District Judge for the Northern District of Florida, sitting by designation.

action challenging denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for calculation of benefits. Because the factual and procedural background is familiar to the parties, we do not recount it here.

We review *de novo* the district court's order upholding denial of social security benefits. *Howard ex rel Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). We uphold the Commissioner's disability determination unless it contains legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Van Sickle contends that the administrative law judge's ("ALJ") residual functional capacity ("RFC") finding was inconsistent with the opinions of examining psychologist Brent Geary, Ph.D., and non-examining reviewing state medical consultant Jocelyn Fuller, Ph.D. She also contends that the ALJ failed to give sufficient reasons for rejecting those opinions. We agree.

Both Dr. Geary and Dr. Fuller reported moderate mental limitations, and Dr. Fuller opined that Van Sickle could work "in a low stress setting." The ALJ found that the medical opinions of the "consulting physicians and state agency medical consultants" were "highly probative." Indeed, the opinions of the two doctors were

consistent with each other, were uncontroverted by other sources, and comprised the sole medical opinion evidence regarding Van Sickle's mental limitations. The ALJ, however, neither included these limitations in his RFC nor explained why he rejected them, as he was required to do. *See Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (stating that the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining doctor and specific and legitimate reasons that are supported by substantial evidence in the record for rejecting the opinion of the examining doctor if it is contradicted by another doctor) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).[1]

Moreover, the ALJ only briefly summarized Dr. Geary's opinion and did not even mention Dr. Fuller's opinion. Although the ALJ "need not discuss *all* evidence presented to [him,]" he "must explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir.

---

[1] The dissent takes the position that the ALJ's RFC was "based on – and consistent with – the assessments of Drs. Fuller and Geary," noting that the ALJ recognized "mild to moderate" mental limitations. Diss. at 1, 2. The ALJ's RFC, however, did not include these moderate limitations or the "low stress" requirement Dr. Fuller identified, and thus was not consistent with the doctors' assessments.

To the extent the dissent is correct that the ALJ accepted the doctors' findings, the ALJ was required to include them in his RFC. *See Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989) (holding that hypothetical questions the ALJ poses to the vocational expert must include all of the claimant's limitations and restrictions) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).

1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)) (emphasis in original); *see also* Social Security Ruling 96-6p, 1996 WL 374180, *2 (S.S.A. 1996) (stating that ALJ "may not ignore" the opinions of state agency medical consultants "and must explain the weight given to the opinions in their decisions"). Accordingly, we conclude the ALJ erred in failing to include in his RFC the limitations identified by Dr. Geary and Dr. Fuller.[2]

We also conclude that remand for calculation of benefits is appropriate because the vocational expert's testimony establishes that had the limitations identified by Dr. Geary and Dr. Fuller been adopted, a hypothetical individual with Van Sickle's RFC would not have been capable of performing any of the jobs the ALJ identified at Step 5. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (holding that remand for an award of benefits is appropriate "where (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were [the] evidence credited").

---

[2]    Van Sickle also contends that the ALJ erred by failing to include in his RFC the limitations that result from her headaches. Because we conclude that the ALJ committed reversible error with respect to his treatment of the opinions of Dr. Geary and Dr. Fuller, we need not reach this issue.

We therefore reverse the judgment of the district court and remand with directions that the district court reverse the Commissioner's denial of benefits and remand for the calculation and payment of benefits.

**REVERSED and REMANDED.**

*Van Sickle v. Astrue*, No. 09-15509

STAFFORD, District Judge, dissenting.

Because I cannot agree that the district court erred in affirming the ALJ's decision to deny benefits, I must respectfully dissent. The district court determined—I believe correctly—that the ALJ, in fact, "considered the opinions of Drs. Geary and Fuller and adequately accounted for the limitations they found."

While the ALJ was required to take the opinions of Drs. Geary and Fuller into account when making his RFC determination, he was not required to include in his RFC every express limitation found by Drs. Geary and Fuller. *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (noting that it is the ALJ's responsibililty, not the physician's, to determine residual functional capacity). He was also not required to discuss every piece of evidence from those doctors. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

Here, while noting that Van Sickle "takes no psychotropic medication and she does not receive any mental health counseling," the ALJ found that Van Sickle's mental limitations "are, at worst, mild to moderate in severity." The ALJ's findings—although brief—are amply supported by substantial record evidence. Indeed, the ALJ's "mild to moderate" severity rating comes directly from the functional-limitations-assessments performed by Drs. Fuller and Geary.

Dr. Fuller completed two assessments of Van Sickle's functional limitations. In a document entitled "Psychiatric Review Technique," dated 8/16/05, Dr. Fuller rated Van Sickle's functional limitations on a five-level scale: None, *Mild, Moderate*, Marked, and Extreme. As to "Restriction of Activities of Daily Living," Dr. Fuller opined that Van

Sickle had no limitations.  As to "Difficulties in Maintaining Social Functioning" and "Difficulties in Maintaining Concentration, Persistence, or Pace," Dr. Fuller opined that Van Sickle had *mild* limitations as to each.  In an undated "Mental Residual Functional Capacity Assessment," Dr. Fuller asserted that Van Sickle was *moderately* limited as to (1) her ability to perform activities within a schedule and maintain regular attendance, (2) her ability to complete a normal workday and workweek without interruptions, and (3) her ability to interact appropriately with the general public.  He said that, in all other areas of functioning, Van Sickle has "no evidence of limitations."  Dr. Fuller's ultimate conclusion was that Van Sickle "can work in a simple, unskilled competitive job in a low stress setting that is away from the general public."

Dr. Geary's assessment was virtually the same as Dr. Fuller's.  Like Dr. Fuller, Dr. Geary opined that Van Sickle was *moderately* limited but not precluded as to (1) her ability to perform activities within a schedule and maintain regular attendance, (2) her ability to complete a normal workday and workweek without interruptions, and (3) her ability to interact appropriately with the general public.  Dr. Geary found that, in all other areas of functioning, Van Sickle evidenced no limitations.  Dr. Geary's ultimate conclusion was that "[Van Sickle] does seem capable of other work-related activities. [She] would very much benefit from some type of training or occupational placement."

At Step 5, the ALJ determined that Van Sickle "has the residual functional capacity to perform at least the exertional requirements of light, unskilled work with the following restrictions: no work that requires acute or fine hearing and no work that involves communicating with the public or co-workers to perform the necessary tasks of the job."  Like the district court, I believe that the ALJ fashioned an appropriate RFC

based on—and consistent with—the assessments of Drs. Fuller and Geary (both of whom opined that Van Sickle was capable of performing some light work), then posed a proper hypothetical to the VE based on the RFC so fashioned.

This is not a case where the ALJ rejected "significant probative evidence." The ALJ expressly stated that he found the medical opinions of Drs. Geary and Fuller to be "highly probative;" and, while he did not adopt verbatim the limitations identified by the doctors, his RFC captured the essence of the medical evidence. Under the circumstances, we should defer to the ALJ's decision. The district court, in turn, was correct in upholding the Commissioner's denial of benefits to a 46-year-old woman who takes no psychotropic medication, who has not sought and does not receive any mental health counseling, and whose mental limitations "are, at worst, mild to moderate in severity." I would affirm.